A defendant is not entitled to a stay of execution under the act of the 21st of March 1806, upon the ground of his being a freeholder, unless he has a freehold in the county where the judgment is obtained.

## The Commonwealth *against* MEREDITH.

IN this suit, which was brought to *July* Term 1812, the Commonwealth obtained a judgment in this Court on the 3d instant for 4050 dollars, with such stay of execution as the Court might order.

*Read* for the defendant, now moved for a stay of execution until the return day in *July* next, that being twelve months from the first day of the term, to which the original process was returnable. It was agreed that the defendant was a freeholder in the state, but not in the county of *Philadelphia;* and he argued in support of his motion, from the general terms of the seventh section of the act of the 21st of *March* 1806, 4 *Smith's Laws* 329, which entitles a defendant to such a stay upon a judgment for such an amount, " if the " defendant in the opinion of the Court is possessed of a " freehold estate, worth the amount of such judgment clear " of all incumbrance." A freehold any where in the state exempts a party from arrest, and this law, he said, proceeded upon the same principle.

The Attorney General (*Ingersoll*) answered, that the judgment did not bind out of the county, until a *testatum* was delivered; and therefore the freehold in other counties was no security to the commonwealth. The stay was evidently given upon the ground that the freehold secured the judgment, which is true only of a freehold in the county where the judgment is obtained; and of course such a freehold can alone be intended.

PER CURIAM. In order to obtain a stay of execution, the defendant must have a freehold in the county where the judgment is entered. A freehold in another county is of no use, because, not being at liberty to take out a *testatum* execution, the plaintiffs cannot obtain a lien upon it. Although the words of the act are general, it is necessary to give them this limited construction in order to answer the intent of the law, which was that the plaintiff should have an immediate execution unless he has security for his debt. The law is also general, that a freeholder shall not, except under certain circumstances be held to bail; but the want of bail does not interfere with proceedings to enforce payment, as the freehold mentioned in the act of 1806, does.

Motion denied.